44 F.3d 1031
 310 U.S.App.D.C. 142
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Stuart H. FIELDS, Appellant,
v.
Ronald H. BROWN, Secretary, U.S. Department of Commerce, Appellee.
 No. 93-5291.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 15, 1994.
 
 Before: SILBERMAN, HENDERSON, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal of a judgment of the district court, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 We begin by addressing Appellee's argument that the district court lacked subject matter jurisdiction to consider the Appellant's claims. Because the government raised this issue for the first time on appeal, we do not have the benefit of the district court's views. For this reason, we will not take this occasion to consider a ruling that the federal courts lack jurisdiction to enforce decisions of the Equal Employment Opportunity Commission against the federal government under Title VII and the ADEA. If the government wishes to renew this argument in either this or any other case, we urge it to do so first in the district court and to ensure that its briefs fully comply with the D.C.Code of Professional Responsibility, EC 7-23 and DR 7-106 (1991).
 
 
 3
 The assessment of Appellant's claims turns on whether the Appellee has complied with the Commission's June 1989 decision ordering relief on Appellant's original discrimination complaint. The district court properly dismissed Appellant's claims for reimbursement for annual leave and for supplemental attorney's fees. The Commission's June 1989 order did not provide for annual leave, and Appellant did not appeal that order to obtain such relief. The Appellant's request for attorney's fees incurred contesting the Appellee's implementation of the June 1989 order is premature.
 
 
 4
 The district court determined that the Appellee properly computed Appellant's back pay and provided him with all benefits that would have accrued to him in the absence of discrimination. Appellant's submissions in the district court, however, indicated that further discovery was warranted regarding the level of compensation received by the two selectees hired in the position Appellant was denied. Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 38-43. The district court should have delayed its ruling on Appellee's motion for summary judgment until discovery on those issues was complete.
 
 
 5
 We will not, however, remand this issue to the district court for a determination on the merits. The Appellant first brought his complaint alleging noncompliance to the Commission. Some eighteen months later, the Commission terminated its processing of that complaint without rendering a decision because the Appellant filed a civil suit seeking reimbursement for travel expenses. That suit has been dismissed. At this point in time, the most sensible course of action is to allow the Commission, rather than the court, to make the initial determination as to whether the Department of Commerce has complied with the Commission's order.
 
 
 6
 We encourage the Commission to use its best efforts to resolve this case without further litigation, including, if necessary, communicating directly with the Department of Commerce. Likewise, we encourage the Appellant to refrain from further litigation long enough to allow the Commission to consider his complaint in its entirety and to craft a solution.
 
 Accordingly, it is
 
 7
 ORDERED and ADJUDGED that, with respect to Appellant's claims for supplemental attorney's fees and for reimbursement for annual leave, the district court's order granting Appellee's motion for summary judgment and dismissing those claims with prejudice is affirmed. It is
 
 
 8
 FURTHER ORDERED and ADJUDGED that, with respect to Appellant's remaining claims alleging the Appellee has failed to comply with the Commission's June 1989 order, the district court's order granting Appellee's motion for summary judgment and dismissing those claims with prejudice is reversed and remanded to the district court with instructions to return the claims to the Commission and dismiss the case without prejudice.
 
 
 9
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.